IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | | |
|---|---|---|
| JASON JERMAINE TOLLIVER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| GEORGE C. WRIGHT, Individually and | § | |
| In his official capacity, ZENA STEPHENS, | § | CIVIL ACTION NO.4:18-CV-01192 |
| Individually and in her individual capacity, | § | JURY DEMAND |
| DENISE  M. SIMMONS, Individually and | § | |
| in her individual capacity, TAYLOR WILLIAMS, | § | |
| Individually and in her individual capacity, | § | |
| DONNIE P. HOWARD, JR. and in his official | § | |
| capacity, Officer Robinson, Individually | § | |
| and in his individual capacity AND WALLER | § | |
| COUNTY SHERIFF's JOHN DOE | | |
| UNKNOWN OFFICERS | | |
| in  their individual capacities | | |
| Defendants, | | |

---

**PLAINTIFF, JASON TOLLIVER'S RESPONSE IN OPPOSITION TO PRAIRIE VIEW A&M  UNIVERSITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE UNDER 12(B)1 AND 12(B)6 AND WALLER COUNTY SHERIFF'S DEPARTMENT MOTION TO DISMISS**

---

TO THE HONORABLE CHIEF JUDGE LEE ROSENTHAL:

Plaintiff, Jason Tolliver files his Response in Opposition to Prairie View A&M University Defendants' Motion to Dismiss Plaintiff's complaint and Waller County Sheriff Department Motion to Dismiss under Federal Rules of Civil Procedure 12(b)1 and 12(b) 6 and will show the Court specific facts as required under the *Igbal/Twombley* standards:

I.

## IN TOLLIVER'S  CASE TOLLING AND EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS APPLIES

The attached appeal of Jason Tolliver's expulsion from Prairie View A&M University has not been ruled upon or never set for an administrative hearing by the University and thus is an active and pending appeal that either should be set for a hearing and thus not barred or justifies  tolling or equitable tolling of the statute of limitations. (See Exhibit #1, Request for an appeal of the University findings by Gunny Thompson, Mr. Tolliver's representative).  A representative of Tolliver for whom the university sent documents on behalf of Mr. Tolliver. ( See Exhibit# 2)

Plaintiff, Jason Tolliver claims from 2015 are not time barred when, as here, tolling and equitable tolling principles applies. (See Exhibit# 3   First Amended Complaint).  The First Amended Complaint asserts and plead facts sufficient to

satisfy the tolling and/or equitable tolling requirements. (See Exhibit # 3   First Amended Complaint)

In addition, here, the court in exercising equitable tolling should consider the mental health and disabilities of Jason Tolliver during the limitations period including the Insomnia diagnosed by Dr. Langley on March 11, 2016, the Adjustment Disorder and depression diagnosed on February 1, 2017, the Sleep Apnea diagnosis on May 18, 2017 by Dr. Sadeta Tamanna. (See Exhibit #3 medical records of Jason Tolliver)

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003). According to the Fifth Circuit: "We review a district court's dismissal under Rule 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008)). When the district court declines to "exercise its equitable discretion to toll," however, "we review [that] decision[] on the pleadings only for abuse of discretion." *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir.

3

2002). In conducting our review, "we assume the pleaded facts as true, and we will remand if the plaintiff has pleaded facts that justify equitable tolling." *Id ( See*

II.

## VOLUNTARILY DISMISSAL OF TITLE IX CLAIMS AGAINST INDIVIDUAL ACTORS AND WALLER COUNTY SHERIFF'S DEPARTMENT

Plaintiff, voluntarily dismiss  his Title IX claims against the Universities individual actors:   George C. Wright Zena Stephens, Denise M. Simmons, Taylor Williams, Donnie P. Howard, Jr. and Officer R. Robinson as a closer examination of the case law and statute reveals that the individual actor because they do not receive federal funding are not  subject to liability under Title IX.  (See Exhibit# 2, Original Complaint)    As such, Plaintiff agrees to dismiss the Title IX claims against the university's individual actors referenced above. Plaintiff, however maintains all of her remaining claims,  including but not limited to those under Section 1983.

Plaintiff voluntarily dismiss his claims against the Waller County Sheriff Department and cures the defect in the pleadings and now asserts his claims against the unknown individual actor(s) who is/are Waller County Sheriff's' acting

under color of law in their individual capacities. ( See Exhibit #4, First Amended

Complaint)

**PLAINTIFF RETAIN CLAIMS PURSUANT TO 42 U.S.C SECTION 1983 AGAINST GEORGE C. WRIGHT, ZENA STEPHENS, DENISE M. SIMMONS, TAYLOR WILLIAMS, DONNIE P. HOARD, JR. AND OFFICER R. ROBINSON**

Plaintiff properly pled his Section 1983 claims against the individual actors.

Section 1983 provides a remedy against a person acting under color of state law

who violates an individual's constitutional rights. The under color of law

requirement means that most § 1983 defendants are government employees, people

who exercise State authority by virtue of their jobs. As in the present case,

Defendants' George Wright, Zena Stephens and  Denise Simmons each individual

actors.   In the typical § 1983 action, the plaintiff sues the jail guard or police

officer who allegedly violated his constitutional rights and, frequently, the entity

that employed the offending officer. Government  employees are not the only §

1983 defendants, however. Any person who acts under color of state law may be a

defendant.   As government increasingly privatizes official functions,  plaintiffs

increasingly sue private defendants under § 1983.

The Supreme Court has decided numerous cases where a private actor

engaged in state action in such a way as to become a proper § 1983 defendant. The

Supreme Court has, however, engaged in little discussion of the rules that govern liability once a court determines that the private party was properly sued. Certainly it appears that the constitutional requirements that govern liability do not change depending on whether the defendant is public or private. The case law nowhere suggests that the Eighth Amendment imposes different obligations on a state prison and on a prison that a private entity runs.

Showing a constitutional violation is only one hurdle that a plaintiff must surmount in order to obtain relief in a § 1983 action, however. Once a plaintiff establishes a prima facie case, defenses and other limitations on liability come into play. A plaintiff suing an individual defendant must generally overcome the defense of qualified immunity and on these facts Jason Tolliver has overcome qualified immunity.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt* v. *Taylor*, 451 U. S. 527, 535 (1981) (overruled in part on other grounds, *Daniels* v. *Williams*, 474 U. S. 327, 330-331 (1986)); *Flagg Bros., Inc.* v. *Brooks*, 436 U. S. 149, 155 (1978). Petitioner West sought to fulfill the first requirement by alleging a violation of his rights secured by the Eighth Amendment under *Estelle* v.

*Gamble,* 429 U. S. 97 (1976).￼ There the Court held that deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eighth Amendment. *Id.,* at 104-105. The adequacy of West's allegation and the sufficiency of his showing on this element of his § 1983 cause of action are not contested here. The only issue before us is whether plaintiff has established the second essential element — that respondent acted under color of state law in the mistreatment and deprivations of  Jason Tolliver causing his injuries. The record here is fraught with deprivations and deliberate indifference to Jason Toliver's constitutional rights to due process, right to counsel or representation, investigation , adjudicative process and appeal rights

Suits against entities raise different hurdles. A plaintiff cannot sue a state for damages. A plaintiff suing a municipality must satisfy the Court's requirement that the injury be inflicted pursuant to a municipal policy or custom. Municipalities may not raise qualified immunity as a defense but they are immune from liability for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). 12 504 U.S. 158 (1992).

Whether these principles apply in claims against private defendants is largely an open question. The Supreme Court has directly addressed the extent to which

traditional rules governing § 1983 liability apply to suits against private individuals in only one context, that of individual immunities. **In _Wyatt v. Cole_** 521 U.S. 399 (1997). **and _Richardson v. McKnight,_**See Id. at 404-12; Wyatt, 504 U.S. at 163-68. **the Court held that private individual defendants did not enjoy the qualified immunity available to government defendants.** The Court based its decision on two main factors: history and policy. _Richardson,_ 521 U.S. at 407; _Wyatt,_ 504 U.S. at 163-67.14 The Court found that there was no historical basis for providing immunity to private individuals who attached property or to private prison guards,  _Richardson_, 521 U.S. at 407-12; _Wyatt_, 504 U.S. at 167-68. and then asked whether the policies that support official immunity applied when private persons were defendants._Richardson,_ 521 U.S. at 408. The answer was no. As such, Defendants, individual actors George C. Wright, Zena Phillips and Denise Simmons etc. are not entitled to qualified immunity. Official immunity aimed to encourage "principled and fearless" decision-making and to prevent the threat of suit from chilling the exercise of official discretion.Id. at 407-08; Wyatt, 504 U.S. at 167. Immunities also prevented the fear of liability from inhibiting persons from working in the public sector.

These rationales, the Court said, did not apply to private individuals seeking to protect their own interests or to employees of private firms that competed with

others to provide government services.Richardson, 521 U.S. at 409-11; Wyatt, 504

U.S. at 168 While *Wyatt and Richardso*n did not resolve all issues concerning the

immunity of private defendants, the Court did provide the lower courts with a

framework for analyzing the question. The Supreme Court has not addressed the

question of which rules govern in a case where the plaintiff sues not only the

private employee, but also the private employing entity. The defendant prison

guards in *Richardson worke*d for Corrections Corporation of America (CCA). The

question is what analysis would govern CCA's liability if the Richardson plaintiff

had sued CCA in addition to, or instead of, the guards.

The rules regarding liability would have been clear if the *Richardson* plaintiff

had sued a government-operated prison. If the prison were a state prison, the

plaintiff could not sue the entity for occasions. They consider private entities

suable "persons," and they largely agree that private entities are only liable if the

plaintiff satisfies the policy or custom requirement, but they offer very little

justification for that determination.

On the other hand, they do not agree on whether private entities may claim

immunity. Some courts extend Owen's rule precluding municipal immunity to

private entities, while others find that the Richardson Court's analysis governing

individual immunity cases applies. There are virtually no lower court cases

discussing whether private entities may be held liable for punitive damages, but plaintiffs have succeeded in obtaining such damages.  The lower courts generally reach their conclusions by analogy to prevailing law under § 1983. They do not, however, draw consistent analogies. Some lower courts focus on corporate status and analogize private entities to municipal corporations. Other lower courts focus on whether the defendant is public or private, and analogize private entities to private individuals. The lower courts rarely follow the approach that the Supreme Court has taken in analyzing the liability of private individuals, an approach that looks to history and policy.

In *Jett v. Dallas Independent School Distric*t 49 U.S. 701 (1989). The *Jett* court said that the policymaker question was a legal question that required the trial judge, "[r]eviewing the relevant legal materials, including state and local positive law" and "'custom or usage' having the force of law," to decide who had "final policymaking authority for the local governmental actor concerning the action alleged to have caused" the violation at issue.

## **PLAINTIFFS   STATES CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs' incorporates herein his previously filed Response to the Motion to Dismiss and its First Amended Complaint and renders the claims asserted by Defendants in the Motion to Dismiss  moot.

**III.**

**PLAINTIFF, JASON TOLLIVER'S DENIAL OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS AGAINST THE UNIVERSITY IS A VIABLE CLAIMS AND NOT BARRED BY THE 11TH AMENDMENT**

Plaintiff, Jason Tolliver ("Plaintiff" or "Mr. Tolliver"), a now expelled, former student at Defendant Prairie View A&M University who was deprived of  Notice of the specific charges[1] with the identity of the who accused him of an offense, what specific offense, when the offense was committed  and where the alleged offense occurred and refusal and denial of an Appeal of his expulsion prior to the end of the semester.

Jason Tolliver has been deprived of procedural due process by the University and its individual actors acting with their discretion in that he was denied the benefit of a full fledge hearing with the presence of his authorized  representative Gunny Thompson and his witnesses. (See Exhibit#4) Depriving Tolliver of an

---

[1]  Mr. Tolliver is charged with the offense of *etc. among other vague charges: Abuse of Student Conduct Process, Harassment, Stalking without any identity of who, what , when and where the offense occurred:*  ( See Exhibit #1)

opportunity to testify, confront and cross-exam witnesses and  to call witnesses. Denying Jason Tolliver  an opportunity to appeal the expulsion decision by the University.

To date, Toliver has not had any requested appeal of the expulsion hearing.( See Exhibit#4) All for a veteran honorably discharge student with no prior disciplinary history, advancing in his studies and scheduled to graduate within three semesters.

## IV.
## PLAINTIFF, JASON TOLLIVER'S DENIAL OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS AGAINST THE INDIVIDUAL ACTORS ARE VIABLE CLAIMS

Plaintiffs' incorporates herein his previously filed Response to the Motion to Dismiss and its First Amended Complaint and renders the claims asserted by Defendants in the Motion to Dismiss  moot.

## V.

## PLAINTIFF, JASON TOLLIVER'S  STATE LAW CLAIMS AGAINST PRAIRIE VIEW A&M UNIVERSITY ARE VIABLE CLAIMS AND NOT BARRED BY THE 11TH AMENDMENT

Plaintiffs' incorporates herein his previously filed Response to the Motion to Dismiss and its First Amended Complaint and renders the claims asserted by Defendants in the Motion to Dismiss  moot.

## VI.

## PLAINTIFF, JASON TOLLIVER'S  TITLE IX  CLAIMS FOR DAMAGES AGAINST PRAIRIE VIEW ARE VIABLE CLAIMS AND NOT BARRED BY THE 11TH AMENDMENT

As a general rule, the state is afforded Eleventh Amendment immunity from being sued in Federal Courts.

The Court has recognized an important exception to this general rule: a suit challenging the constitutionality of a state official's action is not one against the State. This was the holding in *Ex Parte Young*, 209 U.S. 123 (1908), in which a federal court enjoined the Attorney General of the State of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth

Amendment. This Court held that the Eleventh Amendment did not prohibit issuance of this injunction. The theory of the case was that an unconstitutional enactment is "void" and therefore does not "impart to [the officer] any immunity from responsibility to the supreme authority of the United States." *Id.,* at 160. Since the State could not authorize the action, the officer was "stripped of his official or representative character and [was] subjected in his person to the consequences of his individual conduct." *Ibid.*

While the rule permitting suits alleging conduct contrary to "the supreme authority of the United States" has survived, the theory of *Young* has not been provided an expansive interpretation. Thus, in *Edelman v. Jordan,* 415 U.S. 651 (1974), the Court emphasized that the Eleventh Amendment bars some forms of injunctive relief against state officials for violation of federal law. *Id.,* at 666-667. In particular, *Edelman* held that when a plaintiff sues a state official alleging a violation of federal law, the federal court  may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief. Under the theory of *Young,* such a suit would not be one against the State since the federal-law allegation would strip the state officer of his official authority. Nevertheless, retroactive relief was barred by the Eleventh Amendment.

**VII.**

**PLAINTIFF, JASON TOLLIVER'S TITLE IX "ERRONEOUS OUTCOME CLAIM" STATE A VIABLE CLAIM AS PLAINTIFF HAS SUFFICIENTLY ALLEGED THE OUTCOME OF HIS DISCIPLINARY PROCEEDING WAS ERRONEOUS AND HAS SUFFICIENTLY ALLEGE GENDER BIAS**

Plaintiffs' incorporates herein his First Amended Complaint and renders the claims asserted by Defendants in the Motion to dismiss  moot.

Respectfully submitted,

By: */s/* Debra V. Jennings
Debra V. Jennings
State Bar No. 10631850
Federal Bar ID: 14373
Law Office of Debra V. Jennings
6140 HWY 6, # 269
Missouri City, Texas 77459
Telephone (832) 230-4455
Facsimile: (832) 230-4452 Email:
lawyerdvj@gmail.com
ATTORNEY FOR THE PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response in Opposition to the University Defendant's Motion to Dismiss has been served on all counsel of record electronically by the District Court's Electronic Filing System.

/s/ *Debra V. Jennings*

_____

15

Debra V. Jennings