IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JASON JERMAINE TOLLIVER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **PRAIRIE VIEW A&M UNIVERSITY,** | § | |
| **GEORGE C. WRIGHT, Individually and** | § | |
| **in his official capacity, ZENA** | § | |
| **STEPHENS, Individually and in her** | § | CIVIL ACTION NO. 4:18-cv-01192 |
| **official capacity, DENISE M. SIMMONS,** | § | |
| **Individually and in her official capacity,** | § | **JURY TRIAL DEMANDED** |
| **TAYLOR WILLIAMS, Individually and** | § | |
| **in her official capacity, DONNIE P.** | § | |
| **HOWARD, JR., Individually and in his** | § | |
| **official capacity, Officer Robinson,** | § | |
| **Individually and in his official capacity** | § | |
| **AND Waller County Sheriff's Office in** | § | |
| **its official capacity,** | § | |
| | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**
**(PLAINTIFF'S POSITION INCLUDED)**

1. State where and when the parties meeting required by Rule 26(f) was held and identify the counsel who attended for each party.

**RESPONSE:** On July 19, 20, 2018, Debra V. Jennings, Counsel for Plaintiff; H. Carl Myers, Counsel for University Defendants; and Susana G. Sosa, Counsel for Defendant the Sheriff's Office, conferred by telephone and via email.

2. List any cases related to the present action that are pending in any state or federal court, with the style, case number and court.

**RESPONSE:** None.

3. Briefly describe what this case is about.

**RESPONSE:**

**Plaintiff's Response:**

**Jason Tolliver an honorably discharged veteran was accused of violating Prairie View A& M University's Code of Student Conduct, including harassment and stalking of a female student. Hearing dates were set to determine whether to expel Tolliver from the University. Dates were scheduled for the hearing with his non-legal Representative, Gunny Thompson. Different dates were provided to Jason Tolliver. Thompson stressed the importance that Tolliver be represented at the hearing. The hearing was conducted without notice to <u>both</u>, Tolliver and Thompson. The morning of the Hearing, Tolliver was called by University Police to appear. With no prior disciplinary history, he was expelled from Prairie View A&M University. The discharge violated Title IX, 42 U.S.C. §1983. Jason Tolliver was subjected to unwarranted searches and seizures and ticketed and cited by Waller County Sherriff after his participation in a group study session**.

**University Defendants' Response: Defendant Prairie View University is still ascertaining the underlying facts. According to Plaintiff's Complaint, Prairie View expelled Plaintiff, a Prairie View student, in June 2015 for violating the University's Student Conduct Code. Plaintiff alleges causes of action under Title IX, constitutional due process under § 1983, and state-law claims against Prairie View and several current and former Prairie View officials.**

**Defendant Waller County Sheriff's Office' Response: Plaintiff brought this civil action complaint against defendant Waller County Sheriff's Office ("Sheriff' Office") alleging causes of action under 20 U.S.C. § 1681 ("Title IX") after he was detained by a Sheriff's Office's deputy on April 14, 2015, and after being dismissed from Prairie View A&M University in June 2015, and then allegedly followed by a Waller County Sheriff's deputy in August 2015.  The Sheriff's Office denies any liability.  *See* Doc. No. 5.  It also denies any Title IX violation.  *Id.*

4. Specify the allegation of federal jurisdiction.

   **RESPONSE:** **The Court has subject matter jurisdiction under 28 U.S.C. §1331, because Plaintiff asserts causes of action arising under 20 U.S.C. § 1681 and 42 U.S.C. §1983.**

5. Name the parties who disagree and the reasons.

**RESPONSE: None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE:**

**Plaintiff's Response:**

**None, at this time.**

**University Defendants' Response: None.**

**Defendant Waller County Sheriff's Office' Response: None.**

7. List anticipated interventions.

**RESPONSE:  None, at this time.**

8. Describe class-action issues.

**RESPONSE:  None, at this time.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE: The parties have not made initial disclosures.  The parties are discussing filing a Joint Motion to Stay Pretrial Proceedings Pending Ruling on motions to dismiss Plaintiff's Original Complaint (Docs. No. 3 and 5) and forthcoming motion to dismiss with the parties proceeding** in a bifurcated fashion with discovery on the issue of statute of limitations proceedin**g. Parties are not in agreement about proceeding with limited discovery on the issue of statute of limitations.  Plaintiff agrees to make her initial disclosures on August 30, 2018.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

**RESPONSE: The parties have not made initial disclosures.  The parties are discussing filing a Joint Motion to Stay Pretrial Proceedings Pending Ruling on motions to dismiss Plaintiff's Original Complaint (Docs. No. 3 and 5) and forthcoming motion to dismiss with the parties proceeding** in a bifurcated fashion with discovery on the issue of statute of limitations proceedin**g. Parties are not in agreement about proceeding with limited discovery on the issue of statute of limitations. Plaintiff agrees to make her initial disclosures on August 30, 2018.**

    B. When and to whom the plaintiff anticipates sending interrogatories.

**RESPONSE:**

    Plaintiff anticipates sending interrogatories to the Defendant, Prairie View A& M University and Waller County Sheriff, Unknown Last names Unknown and University Staff Defendants, Zena Stephens, George C. Wrights by October 30, 2018.

    C.     When and to whom the defendant anticipates sending interrogatories.

**RESPONSE: Defendants anticipate serving interrogatories on Plaintiff at least 30 days prior to the discovery deadline ordered by the Court.**

    D.     Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff will take the oral depositions of the following witnesses:

1. The University 30(b)6 representative witness, University Staff, Defendant, Zena Stephens, George C Wright, Donnie Howard, Denise Simmons, etc.  Each Waller County Sheriff officer, Defendants identified by first name only.

**RESPONSE:**

    E.     Of whom and by when the defendant anticipates taking oral depositions.

**RESPONSE: Defendants anticipate taking the oral deposition of Plaintiff and other fact witnesses who may be identified during discovery.  Defendants may also depose any expert designated by Plaintiff.  Defendants anticipate taking the oral deposition of Plaintiff prior to any other oral depositions occurring in this case.  Defendants anticipate taking these depositions before the close of discovery.**

    F.     When Plaintiff (or they party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.

**RESPONSE:**

    Plaintiff will identify and designate his experts' 90 days prior to completion of discovery on the underlying liability and damages of this case.

List expert depositions the plaintiff (or the party or parties with the burden of proof on an issue anticipate(s) taking and their anticipated completion date.

**RESPONSE:**

- 5 -

Plaintiff anticipates taking the deposition of Defendant experts within 60 days after the expert's designation.

      H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.

**RESPONSE:** **Defendants anticipate taking depositions of Plaintiff's experts prior to the scheduled discovery cut-off, and in accordance with any scheduling order issued by the Court.**

11.    If the parties are not agreed on all or part of the discovery plan, described the separate views and proposals of each party.

**RESPONSE:** **Plaintiff and Defendant are not in agreement as to whether to conduct limited discovery on the issue of statute of limitation prior to ruling on the Motion to Dismiss on statute of limitations grounds. Plaintiff proposes limited discovery.**

12.    Specify the discovery, beyond initial disclosures, that has been undertaken to date.

**RESPONSE:** **None.**

13.    State the date planned discovery can reasonably be completed.

**RESPONSE:** **The parties anticipate completing discovery by the deadline set forth in the Court's scheduling order.**

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 meeting.

**RESPONSE:** **The parties are not able to genuinely discuss settlement of this matter in light of the threshold dispositive issues raised by the pending motions to dismiss Plaintiff's Original Complaint (Docs. No. 3 and 5) and forthcoming Motion(s) to Dismiss Plaintiff's First Amended Complaint for substantially identical grounds.**

15.    Describe what each party has done or agreed to do to bring a prompt resolution.

**RESPONSE:** **There have been no settlement discussions at this point.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**RESPONSE: Plaintiff suggests mediation. Defendant' contends that: At this juncture, no alternative dispute resolution technique would be suitable pending the resolution of the threshold legal issues identified Defendants' motions to dismiss Plaintiff's Original Complaint (Docs. No. 3 and No. 5).**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE: Plaintiff does not agree to a Magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**RESPONSE: A jury demand was timely made by Plaintiff.**

19. Specify the number of hours it will take to present the evidence in this case.

**RESPONSE:**

**Plaintiff's Response:**

**Plaintiff estimates that it will take approximately 48 to 60 hours to present the evidence in this case.**

**Defendants' response: Defendants estimate that it will take approximately 24 to 30 hours to present the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE: University Defendants' Motion to Dismiss Plaintiff's Complaint Under FRCP 12(b)(1) and 12(b)(6). [Doc. No. 3]. In light of Plaintiff's First Amended Complaint, University Defendants intend to file a substantially identical Motion to Dismiss that also addresses Plaintiff's allegations related to incapacity and administrative procedures: denial of an appeal.**

   **Defendant Waller County Sheriff's Office's Motion to Dismiss Plaintiff's Original Complaint Pursuant to FRCP 12(b)(6). [Doc. No. 5].**

21.   List other motions pending.

**RESPONSE:  None.**

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**RESPONSE:**

> **Plaintiff asserts that to promote efficiency and limit expense, the parties partially agree that discovery should proceed on the (Statute of Limitations) dispositive issue of Plaintiff's denial of an administrative appeal rights, discovery and capacity and limitations prior to the merits of Plaintiff's claims.**
>
> **Defendants maintain that the relevant statues of limitations require dismissal of the Title IX and Section 1983 claims.  Plaintiff asserts tolling based on Plaintiff's alleged incapacity, denial of due process and the administrative failure to provide appeal rights.**
>
> **To promote efficiency and limit expense, the parties agree that discovery should proceed on the (Statute of Limitations) dispositive issue of Plaintiff's denial of an administrative appeal rights, discovery and capacity and limitations prior to the merits of Plaintiff's claims.**

23.   List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

**Counsel for Plaintiff Jason Jermaine Tolliver:**
**Debra V. Jennings**
SBN 10631850
FED ID: 14373
Law Office of Debra V. Jennings
6140 HWY 6, #269
Missouri City, Texas 77459
Telephone: (832) 904-4666
lawyerdvj@gmail.com


**Counsel for University Defendants:**
**H. Carl Myers – Attorney-in-Charge**
Texas Bar No. 24046502
So. Dist. No. 852368
Carl.myers@oag.texas.gov

**Sean Flammer**
Texas Bar No. 24059754
So. Dist. Bar 1376041
Sean.flammer@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

**Counsel for Defendant Waller County Sheriff's Office:**
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com

**Susana G. Sosa**
State Bar No. 24083894
Federal I.D. No. 2292237
ssosa@germer.com

**GERMER PLLC**
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone

    Respectfully submitted,

    /s/ *Debra V. Jennings*
    _____
    SBN 10631850
    Debra V. Jennings
    Law Office of Debra V. Jennings
    lawyerdvj@gmail.com
    6140 HWY 6, #269
    Missouri City, Texas 77459
    Telephone: (832) 904-4666
    Facsimile: (1832)442-3700
    FED ID: 14373

*ATTORNEY FOR PLAINTIFF*


KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

_____
H. CARL MYERS
Texas Bar No. 24046502 | So. Dist. Bar 852368
SEAN FLAMMER
Texas Bar No. 24059754 | So. Dist. Bar 1376041
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
carl.myers@oag.texas.gov
sean.flammer@oag.texas.gov

*COUNSEL FOR UNIVERSITY DEFENDANTS*


_____
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com

**Susana G. Sosa– Of Counsel**
State Bar No. 24083894
Federal I.D. No. 2292237
ssosa@germer.com
**GERMER PLLC**
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS,
WALLER COUNTY SHERIFF'S OFFICE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2018, a true and correct copy of the Joint Discovery Case Management Plan was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Larry J. Simmons*
_____
**Larry J. Simmons**