United States District Court
Southern District of Texas
**ENTERED**
October 01, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON JERMAINE TOLLIVER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-1192 |
| § | |
| PRAIRIE VIEW A&M, § | |
| UNIVERSITY *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

This case arises from a student's expulsion from Prairie View A&M University. The plaintiff, Jason Jermaine Tolliver, is a veteran retired from the United States Air Force. He was enrolled at the University as a part-time student from August 2012 to June 2015, when he was expelled. (Docket Entry No. 10, at 23).

Tolliver alleges that he was in a study group that was to meet at a female student's apartment around April 13, 2015. He arrived at the apartment between 1:00 a.m. and 2:00 a.m. (*Id*. at 13). The female student and her brother called the University police when Tolliver came to the apartment. (*Id.*). Officer Robinson responded and escorted Tolliver outside. (*Id*. at 13–14). Tolliver gave Officer Robinson permission to search his vehicle, where the officer found a Glock 40. (*Id*.). Tolliver alleges that the University allows students to possess handguns and that he had a license to do so. Officer Robinson did not issue Tolliver a criminal charge for the gun. The officer issued Tolliver a ticket for criminal trespass, and Tolliver left. (*Id*. at 14)  He was not detained. Tolliver alleges that he complained to the University about Officer Robinson's treatment, and that

the University investigated, including interviewing both Tolliver and the female student. (*Id*. at 14, 16).

The University charged Tolliver with: (1) abusing the student conduct policy; (2) making false and distorted statements to Officer Robinson; and (3) committing sexual misconduct by stalking the female student and making unwanted communications to her, including face-to-face contacts, telephone calls, voice messages, emails, written letters and notes, and unwanted gifts. (*Id*. at 15). The University scheduled a disciplinary hearing to address these charges. (*Id.* at 16). Tolliver retained a nonlawyer, Gunny Thompson, to represent him at the hearing. (*Id.* at 17). Tolliver alleges that the University's notice to him of the charges was improper because it did not provide the victims' names or the dates, places, or times of the alleged offenses. (*Id*. at 16).

At Tolliver's request, the University rescheduled the hearing to June 4 to meet Thompson's schedule, and then moved it to June 16. (*Id*. at 17). Tolliver alleges that the University notified him of the change too close to the hearing for Thompson to be able to attend. Thompson advised Tolliver not to attend the hearing without representation. (*Id.*). The hearing was held without their presence. (*Id.*).

The University decided to expel Tolliver after finding that he had violated the University policies by committing the charged activities. (*Id.*). In June 2015, the University advised Tolliver of his right to appeal, including providing him the form and the procedures required to appeal. Tolliver did not appeal under the University's procedure. He alleges that Thompson wrote a letter to the University requesting that the expulsion be overturned, but the University did not respond. (*Id*. at 18–19).

Tolliver's claims against three unknown Waller County Sheriff's deputies did not arise from the April 2015 incident. Tolliver instead alleges that after Officer Robinson issued him the criminal trespass citation in April, the deputies would follow him. This ended when he was expelled in June. Tolliver does not allege any stop, questioning, detention, or arrest during this period.

In April 2018, Tolliver sued the University, six individual University officials, and the Waller County Sheriff's Office and three unknown Sheriff's deputies, alleging violations of Title IX of the Civil Rights Act, 20 U.S.C. § 1681 *et seq.*, and 42 U.S.C. § 1983. Tolliver alleges that the University deprived him of the right to representation, did not provide him notice and a hearing that met due process, and expelled him based on his sex. (*Id*. 20–21). He also asserted state common-law claims of negligent infliction of emotional distress and breach of contract. (*Id*. at 38). Tolliver has withdrawn his Title IX claims against the University officials and all his claims against the Waller County Sheriff's Office. (Docket Entries No. 10, 25).

The University and its officials moved to dismiss the remaining claims on three grounds: (1) the two-year statute of limitations bars Tolliver's Title IX, § 1983, and state-law tort claims; (2) Eleventh Amendment immunity bars the state-law contract claim against the University; and (3) the amended complaint fails to allege sufficient facts to state plausible claims. (Docket Entry No. 19, at 2). Tolliver responded. (Docket Entry No. 26). His attorney has moved to withdraw. (Docket Entry No. 28).

**I.     Analysis**

    **A.     The Statute of Limitations**

"A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for

3

tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). The two-year general personal injury limitations period set out in Section 16.003 of the Texas Civil Practice and Remedies Code applies to Title IX and § 1983 claims brought in Texas. *King–White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759–61 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. The University argues that Tolliver's claims are barred because he did not file the lawsuit within two years after the University expelled him in June 2015. (Docket Entry No. 19 at 6).

Tolliver argues that the statute of limitations did not start to run in June 2015, because he filed an appeal with the University after the expulsion, which the University did not respond to. (Docket Entry No. 26 at 2). Alternatively, Tolliver asks the court to apply equitable tolling because he had mental and physical health problems from his military service. (Docket Entry No. 10 at 9). Tolliver alleges that he had "insomnia, sleep deprivation, bad dreams, mental fog, and inability to think clearly"; that he "was unable to walk, speak clearly, lacked concentration, experienced panic attacks, and was disoriented"; and that he had "deterioration of intellect," "inability to stand and sit," and "chronic adjustment disorder." (*Id.*).

"Absent tolling, the limitations period runs from the moment a plaintiff's claim 'accrues,'" and while the limitations period is borrowed from state law, "the particular accrual date of a federal cause of action is a matter of federal law." *King–White*, 803 F.3d at 762 (quoting *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011)). "[U]nder federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010)). "[A] plaintiff's awareness encompasses two elements: (1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the

defendant's actions." *Id.* (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)). Tolliver's claims were based on events that occurred in June 2015. He knew that he was expelled, the grounds, and the procedure that was followed. Tolliver's request to overturn the expulsion did not delay the accrual of his claims arising from the expulsion.

When federal courts apply the state statute of limitations, state-law tolling doctrines apply as well. *King-White*, 803 F.3d at 764 (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). "Section 16.001(a)(2) of the Texas Civil Practice and Remedies Code allows tolling of a limitations period if a person is of 'unsound mind.'" *Smith v. Sikorsky Aircraft Corp.*, 623 F. App'x 156, 160 (5th Cir. 2015). "Generally, persons of unsound mind and insane persons are synonymous." *Drake v. Fitzsimmons*, No. 3:12-CV-1436-B, 2013 WL 775354, at *4 (N.D. Tex. Mar. 1, 2013) (quotation marks and citations omitted). "The disability exclusion protects those plaintiffs who lack access to the courts or are unable 'to participate in, control, or even understand the progression and disposition of their lawsuit.'" *Bowman v. Sandofi–Aventis U.S.,* No. A-09-CA-192-SS, 2009 WL 5083435, at *2 (W.D. Tex. Dec.10, 2009) (quoting *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 755 (Tex. 1993)).

Tolliver's allegations as to his health problems, taken as true, are far from enough to show an unsound mind or incompetence. *See, e.g.*, *Gibson v. Hous. Launch Pad*, 378 F. App'x 399, 400 (5th Cir. 2010) ("[The plaintiff's] vague allegations suggest that he might have suffered serious mental afflictions that were treated with psychoactive medications. His allegations do not, however, indicate how those conditions or medications rendered him unable to care for himself or manage his affairs such that the limitations period should have been tolled until he regained mental competency."); *Drake*, 2013 WL 775354, at *4 ("To properly allege he was of 'unsound mind,' [the plaintiff] must demonstrate he was mentally disabled to the point that he lacked access to the

5

courts."). Tolliver's complaint does not allege facts showing that he was insane, unable to access the courts, or unable to pursue his lawsuit. Instead, Tolliver's allegations show that he was aware of the disciplinary charges, the hearing, and the expulsion; that he hired a representative; that he sought reconsideration; and that he then filed this lawsuit. (Docket Entry No. 10 at 18–19). Equitable tolling does not apply.

Tolliver's Title IX, § 1983, and state-law tort claims are barred by the two-year statute of limitations. Defendants' motion to dismiss these claims is granted. Because limitations would also bar Tolliver's § 1983 and state-law tort claims against the Sheriff's deputies, they are also dismissed.

### B.     Eleventh Amendment Immunity

Tolliver also asserted a state-law breach-of-contract claim against the University. (Docket Entry No. 10). The University asks the court to dismiss it based on Eleventh Amendment immunity. (Docket Entry No. 19 at 8–9). Tolliver's response to this argument merely recites his allegations that the University expelled him. (Docket Entry No. 26 at 11–12). The parties do not dispute that the University is "an arm of the state for sovereign immunity purposes." *Pendleton v. Prairie View A&M Univ.*, 121 F. Supp. 3d 758, 762 & n.5 (S.D. Tex. 2015). The Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits against nonconsenting states unless Congress expressly abrogates immunity or the state consents. U.S. CONST. amend. XI; *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 53–55 (1996). Congress has not abrogated sovereign immunity for Texas common-law claims, and Texas did not consent to suit in federal court. *See Duncan v. Univ. of Texas Health Science Ctr. at Hous.*, 469 F. App'x. 364, at *2 & n.3 (5th Cir. 2012) (Texas contract- and tort-law claims against a state university were barred by sovereign immunity); *Kitchens v. Tex.*

*Dep't of Human Res.*, 747 F.2d 985, 986 (5th Cir. 1984) (contract claims); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) (tort claims).

Tolliver's breach-of-contract claim against the University fails because of Eleventh Amendment immunity. The defendants' motion to dismiss this claim is granted.

### C.     Rule 12(b)(6)

Because the court has found that Tolliver's claims are barred, there is no need to address the defendants' alternative Rule 12(b)(6) arguments.

## II.     Conclusion

Tolliver's Title IX, § 1983, and state-law tort claims against the University, individual University officials, and the Sheriff's deputies are barred by limitations. His breach-of-contract claim against the University is also barred by Eleventh Amendment immunity. The motion to dismiss, (Docket Entry No. 19), is granted with prejudice, because amendment would be futile. Tolliver's motion for continuance and his attorney's motion to withdraw, (Docket Entry No. 28), are denied as moot. Final judgment is separately entered.

SIGNED on October 1, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge